*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *PETER LEWIS GORDON,* | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 08-116-B-S* |
| | ) | |
| *STATE OF MAINE DEPARTMENT* | ) | |
| *OF CORRECTIONS,* | ) | |
| | ) | |
| *Defendant* | ) | |

*ORDER DENYING MOTION TO AMEND AND DECISION RECOMMENDING*
*DISMISSAL OF COMPLAINT*

The plaintiff, a resident of the Maine State Prison, has filed an action invoking 42 U.S.C. § 1983 and naming the Maine Department of Corrections as the defendant. The plaintiff alleges that prison personnel "threw" him into segregation when he asked to move to another cell; that a sergeant refused to sign his grievance about this event; and that certain jail officers refused to comply with his bottom bunk restriction. [Complaint] (Docket No. 1) at 3-4. The complaint was filed on April 8, 2008. On April 30, 2008, the plaintiff filed a motion for leave to amend the complaint to add a claim arising from an April 25, 2008 attack on the plaintiff by two other inmates one of whom cut the plaintiff with a razor blade; to increase his claimed damages from $73,000 to $450,000; and to name a certain individual as the defendant "for" the state defendants. Motion to Up Mon[e]tary Sum of Claim (Docket No. 9) at 1. I deny the motion for leave to amend and recommend that the court dismiss the complaint *sua sponte.*

## I.   Dismissal of Complaint

While pleadings filed by *pro se* litigants, like the plaintiff here, are to be construed liberally, *Clarke v. Blais*, 473 F.Supp.2d 124, 129 (D.Me. 2007), this court will not recharacterize the complaint as filed.   In this case, the plaintiff alleges cruel and unusual punishment, thereby invoking the Eighth Amendment to the United States Constitution as the legal basis for his claim.

Pursuant to 28 U.S.C. § 1915A:

> **(a) Screening**. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > **(2)** seeks monetary relief from a defendant who is immune from such relief.

*See also* 42 U.S.C. § 1997e(c) (same standard, specific to section 1983 actions brought by prisoners).

Here, suit against the State of Maine and its Department of Corrections is barred by the Eleventh Amendment, unless the state has consented to the filing of such a suit.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  The complaint does not allege that the state has done so, and I am not aware of any Maine statute generally consenting to suits under 42 U.S.C. § 1983 by inmates of its correctional institutions, or to such a suit by this particular inmate.  The complaint clearly seeks monetary relief.  *See* 28 U.S.C. § 1915A(b)(2).

Even if the named defendant were not immune from suit, this complaint should be dismissed under section 1915A(b)(1) for failing to state a claim upon which relief may be granted because it fails to state a cognizable Eighth Amendment claim.  The complaint does not allege "unnecessary and wanton infliction of pain," which is the only legal basis after incarceration for a claim of cruel and unusual punishment under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Nor does it allege a prison condition that was "a dramatic departure from accepted standards for conditions of confinement."  *Overton v. Bazzetta*, 539 U.S. 126, 137 (2003).  Were it necessary to go any further, I would also conclude that the complaint as filed can only be construed as frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (a legally frivolous complaint is one which is based on "an indisputably meritless legal theory").  *See also Sandin v. Conner*, 515 U.S. 472, 485-87 (1995) (segregated confinement does not usually implicate due process liberty interest).

## II.  Motion for Leave to Amend

With respect to the motion for leave to amend the complaint, the plaintiff seeks to add a claim that is wholly separate from the claims raised in the complaint as filed originally.  The addition of a named individual as a defendant "for" the State and an increase in the amount of monetary damages claimed have no effect on the analysis of the complaint's insufficiency.  As for the new claim, the attack by two inmates who entered the plaintiff's cell, "the filing of a prison condition law suit is not a 'rolling start' that permits . . . a complaint to be indefinitely amended to address each complaint about prison conditions that arises while the initial dispute is still unresolved."  *Rollins v. Magnusson*, 2004 WL 1571776 (D. Me. Apr. 21, 2004), at *3.  In addition, the proposed new claim appears to be unripe under 42 U.S.C. § 1977e(a), which bars any action by a prisoner with respect to prison conditions until such administrative remedies as

are available are exhausted.  The proposed amendment does not allege that the plaintiff has filed a grievance concerning the cited events of April 25, 2008, let alone that that process has been exhausted.

For the foregoing reasons, the plaintiff's motion for leave to amend the complaint is **DENIED**, and I recommend that his complaint be **DISMISSED** without prejudice to his ability to bring the action against a person or entity that is an appropriate party for the harm alleged.


### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 15th day of May, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge